O

# United States District Court
# Central District of California

| | |
|---|---|
| BROKEN DRUM BAR, INC. et al., <br><br> Plaintiff, <br><br> v. <br><br> SITE CENTERS CORP. et al., <br><br> Defendants. | Case No. 2:19-cv-01445-ODW (SKx) <br><br> **ORDER GRANTING, IN PART, DENYING IN PART, DEFENDANTS' MOTION TO DISMISS [21]** |

## I. INTRODUCTION

Plaintiffs Broken Drum Bar, Inc. ("Broken Drum Bar"); Stefan Guillen; and Brian Maginnis bring various claims against Defendants Site Centers Corp. Inc.; DDR Urban, Inc.; DDR Urban LP ("DDR"); Patrick Brady; and Morgan Erickson relating to a lease dispute. Defendant DDR[1] owns and operates a shopping center in Long Beach, California. (First Am. Compl. ("FAC") ¶¶ 11, 18, ECF No. 12.)

Defendants move to dismiss on the following grounds: (1) Plaintiffs Guillen and Maginnis lack standing; (2) Defendants Site Centers Corp. Inc., DDR Urban, Inc., Brady, and Erickson are improper defendants; and (3) Plaintiffs failed to sufficiently

---

[1] The other two entities are allegedly affiliates of DDR Urban LP. (*See* FAC ¶¶ 9–15.)

allege each cause of action. (*See generally* Mot. to Dismiss FAC ("Mot."), ECF No. 21.)

Having reviewed the papers and the oral argument of counsel, and for the reasons that follow, the Court **GRANTS, IN PART, DENIES IN PART,** Defendants' Motion to Dismiss.

## II. FACTUAL BACKGROUND

Plaintiff Stefan Guillen is the President of Broken Drum Bar, Inc. (Mot. 3.) Plaintiff Brian Maginnis is an investor of Broken Drum Bar, Inc. (Id.)

Defendant DDR owns and operates the Pike Outlets in Long Beach, California. (Mot. 3.) Defendant Patrick Brady is the Vice President of Leasing for Defendant Site Centers Corp., Inc. (FAC ¶ 12.) Defendant Morgan Erickson is the Regional General Manager for Defendant Site Centers Corp., Inc. (FAC ¶ 13.)

In 2017, Mr. Guillen, on behalf of Broken Drum Bar, Inc., commenced the process of obtaining a lease for unit number 550 (previously occupied by Sgt. Pepper's Dueling Pianos). (*See* FAC ¶¶ 18, 27.) As part of the process, Plaintiff Guillen submitted a detailed outline of his business plan to Defendant Brady, which informed Defendant Brady that he intended to use the space as a live music and entertainment venue. (FAC ¶ 19.) Defendant Brady responded that Plaintiff Guillen's proposal had been recommended for approval and that "final approval and consent [for] use as a live music and bar . . . would take a few more weeks." (FAC ¶ 20.)

On March 1, 2018, Plaintiffs took over the lease of unit number 550 from Sgt. Pepper's Dueling Pianos. (FAC ¶ 22.) On March 17, 2018, Plaintiffs held a soft opening for the business. (FAC ¶ 23.) During the soft opening, security guards were sent to Plaintiffs' business due to noise complaints from the nearby movie theatre, Cinemark Movie Theatres ("Cinemark"). (FAC ¶ 24.) Due to the noise, during Plaintiffs' operation of the business, Defendants would place security personnel at the entrance of Plaintiffs' business, and the security personnel were instructed to take notes of employee names and patrons entering the business. (FAC ¶ 29.)

Prior to entering into the lease, Plaintiffs allege that Defendants informed them that there had been no prior noise complaints related to unit number 550. (FAC ¶ 30.) However, Plaintiffs allege that they were informed by numerous tenants at the shopping center that noise complaints from unit number 550 were nothing new and had been ongoing for several years. (FAC ¶¶ 27–28.) Defendants demanded that Plaintiffs remedy the noise issue or change the nature of their business. (FAC ¶ 31.) In response, Plaintiffs informed Defendants that they would withhold rent until Defendants fixed the property. (FAC ¶ 32.) However, shortly thereafter, Plaintiffs ceased operation of the Broken Drum Bar. (FAC ¶ 33.)

### III. PROCEDURAL HISTORY

On January 7, 2019, Plaintiffs filed this lawsuit in Los Angeles County Superior Court. (Notice of Removal, ECF No. 1.) Plaintiffs brought seven claims for relief: (1) negligence; (2) breach of implied covenant of good faith and fair dealing; (3) intentional misrepresentation; (4) negligent misrepresentation; (5) negligent interference with prospective economic relations; (6) intentional interference with prospective economic relations; and (7) breach of quiet enjoyment. (*See generally* FAC.)

On February 27, 2019, Defendants removed this case on the basis of diversity jurisdiction. (*Id.*) On March 11, 2019, Defendants filed a motion to dismiss. (ECF No. 9.) On March 27, 2019, Plaintiffs filed a First Amended Complaint adding two additional parties, Patrick Brady and Morgan Erickson, purportedly to destroy diversity. (ECF No. 12.) On the same day, Plaintiffs attempted to file a motion for remand, which the Court struck because it was improperly filed. (*See* ECF No. 19.) Plaintiffs have not attempted to refile their motion for remand. On April 10, 2019, Defendants again moved to dismiss the case. (Mot.)

## IV. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## V. DISCUSSION

### A. Standing

Based on the allegations in the First Amended Complaint, Plaintiffs Guillen and Maginnis do not have standing to bring a claim related to the lease dispute. The First Amended Complaint generally alleges that Plaintiff Guillen, acting on behalf of

Broken Drum Bar, Inc., negotiated and entered into the lease with Defendant DDR. (*See* FAC ¶ 42.) Plaintiff Maginnis was an investor in Broken Drum Bar. (FAC ¶ 69.) Plaintiffs offer no response to this issue.

"The normal rule is that a corporation is run by its management, and the corporation itself has the right to make claims." *Quinn v. Anvil Corp.*, 620 F.3d 1005, 1012 (9th Cir. 2010). For individual shareholders of a corporation to bring a suit on behalf of the corporation, the shareholders must bring a shareholder derivative suit and comply with Federal Rule of Civil Procedure 23.1. *Id.* Among other requirements, Rule 23.1 requires that the plaintiff "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors." *Potter v. Hughes*, 546 F.3d 1051, 1056 (9th Cir. 2008) (internal quotation marks omitted).

Here, Plaintiffs Guillen and Maginnis do not come close to alleging facts sufficient to support a derivative lawsuit. With Broken Drum Bar, Inc. as a party to this lawsuit, Plaintiffs' ability to maintain a derivative suit is improbable; Broken Drum Bar, Inc. is already acting in the interest of its shareholders. *See Paulson, Inc. v. Bromar, Inc.*, 775 F. Supp. 1329, 1339 (D. Haw. 1991) (finding that derivative actions are only permitted when "a corporation has failed to enforce a right which may be properly assigned to it") (internal quotation marks omitted).

Accordingly, the Court grants Defendants' Motion and dismisses Plaintiffs Guillen and Maginnis with leave to amend. Plaintiffs Guillen and Maginnis are given leave to amend to allege non-derivative claims.

**B.      Defendants Site Centers Corp. Inc. and DDR Urban, Inc.**

Defendants argue that Site Centers Corp. Inc. and DDR Urban, Inc. are not proper parties to the lawsuit and should be dismissed. Plaintiffs offer no opposition to this issue.

Plaintiffs allege that Site Centers Corp., Inc. and DDR Urban, Inc. were the property development and management companies. (FAC ¶¶ 9, 10.) Plaintiffs further

allege that Site Centers Corp., Inc. is the successor company to DDR Corp., Inc. (FAC ¶ 9.) Plaintiffs also allege that each of the Defendants were the agents and employees of every other Defendant and were acting within the scope and course of such agency and employment. (FAC ¶ 16.) Moreover, Plaintiffs allege that Defendants were acting for the benefit of each co-Defendant. (FAC ¶ 17.)

These boilerplate, conclusory allegations are insufficient to survive a motion to dismiss. *See Fajardo v. Ross*, No. 1:12-cv-00217 AWI DLB, 2012 WL 2921179, at *1 (E.D. Cal. July 17, 2012). Plaintiffs fail to explain how Site Centers Corp. Inc. and DDR Urban, Inc. are related to the other defendants or their potential liability to any causes of action. Neither of these Defendants are signatories to the lease agreement between Broken Drum Bar, Inc. and DDR Urban LP.

Accordingly, the Court grants Defendants' Motion, however, Plaintiffs are given leave to amend its complaint to allege more specific facts against Site Centers Corp. Inc. and DDR Urban, Inc.

## C. Defendants Brady and Erickson

Defendants also move to dismiss Defendants Brady and Erickson on the basis that they are sham defendants.

"An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a 'sham' non-diverse defendant." *Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1241 (C.D. Cal. 2015). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *see also Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) ("[A] non-diverse defendant is deemed a sham defendant if . . . the plaintiff could not possibly recover against the party whose joinder is questioned.").

Plaintiffs offer no opposition or reason why these Defendants could be held individually liable as Plaintiffs have alleged that Defendants Brady and Erickson were acting within the scope of their employment. (*See* FAC ¶ 16.) Further, these Defendants were added only after the case was removed. Plaintiffs previously identified Defendants Brady and Erickson in their Complaint, and simply changed them to Defendants in their First Amended Complaint, likely in an attempt to destroy diversity. Plaintiffs did not make any new allegations against them. Nor do the allegations raise a sufficient claim against Defendants Brady and Erickson. Further, Plaintiffs were provided an opportunity at the hearing to address why the Court should not consider Defendants Brady and Erickson sham defendants, and Plaintiffs failed to provide any substantive response.

Accordingly, the Court grants the Motion and dismisses Defendants Brady and Erickson without leave to amend.

**D.     Specific Claims**

    **1.     Negligence**

Defendants move to dismiss Plaintiffs' claim for negligence on the basis that Defendants owed no duty to Plaintiffs. Specifically, Defendants argue that the lease agreement "disclaims any such duty" because the lease agreement contemplated Plaintiff taking the property on an "as-is" basis. (Mot. 13.)

To maintain a claim for negligence, Plaintiffs must allege "(1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003). In California, "the general rule is that all persons have a duty to use ordinary care to prevent others from being injured as the result of their conduct." *Rowland v. Christian*, 69 Cal. 2d 108, 112 (1968), superseded by statute of other grounds as stated in *Perez v. S. Pac. Transp. Co.*, 218 Cal. App. 3d 462, 467 (1990)); *see also* Cal. Civ. Code § 1714. California further recognizes a duty of care to communicate accurate information (1) "where providing false information poses a risk of and results in physical harm to person or property;" or (2) "where information is conveyed in a

commercial setting for a business purpose." *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 477 (2003).

Here, as pled, Plaintiffs have stated a sufficient claim for negligence. Plaintiffs allege that Defendants fell below the requisite standard of care by failing to disclose "prior and ongoing noise bleeds and property defect" resulting in harm to Plaintiffs. (*See* FAC ¶ 40.) Plaintiffs further allege that the failure to disclose information resulted in Plaintiffs being unable to book entertainment acts, eventually resulting in Plaintiffs shutting down the business. (FAC ¶¶ 39–40.) Defendants' argument that Plaintiffs took the property on an "as-is" basis is misplaced. Simply because Plaintiffs took the property on an "as-is" basis does not relieve Defendants of their duty to convey accurate information to Plaintiffs. Nor does the provision allow Defendants to make misrepresentations to Plaintiffs to induce Plaintiffs into signing a lease.

The Court denies Defendants' Motion on the negligence claim.

### 2. Breach of Covenant of Good Faith and Fair Dealing

Defendants move to dismiss Plaintiffs' breach of covenant of good faith and fair dealing on the basis that "allegations *prior* to the existence of a contract cannot form the basis for a claim for breach of the covenant of good faith and fair dealing." (Mot. 14 (emphasis in original) (citing *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 799 (2008).) Plaintiffs do not oppose, instead, they seek leave to amend. Based on the facts and circumstances of this case, the Court finds that this claim could be saved by an amendment.

Accordingly, the Court grants the Motion as to this claim with leave to amend.

### 3. Intentional and Negligent Misrepresentation

Defendants move to dismiss Plaintiffs' claims for intentional and negligent misrepresentation because Plaintiffs do not specifically identify which Defendant made a misrepresentation. Defendants also argue that because Plaintiffs took the property on an "as-is" basis, Plaintiffs could not have justifiably relied on Defendants' statements.

Plaintiffs agree that their claim for intentional misrepresentation lacks sufficient detail and request leave to amend to include such detail.

However, Plaintiffs have made a sufficient claim for negligent misrepresentation. Defendants' argument that Plaintiffs could not have justifiably relied on Defendants' statements is more suitable for summary judgment than a motion to dismiss. At this stage, Plaintiffs have sufficiently alleged that Defendants knowingly/negligently failed to provide Plaintiffs with material information and that Plaintiffs' reliance on Defendants' misrepresentations is the cause of Plaintiffs' harm. (FAC ¶¶ 57, 61, 63, 67–70.)

Accordingly, the Court grants Defendants' Motion to Dismiss as to the claim for intentional misrepresentation with leave to amend and denies the Motion as to the claim for negligent misrepresentation.

### 4. Negligent Interference with Prospective Relations and Intentional Inference with Prospective Economic Relations

Defendants move to dismiss Plaintiffs' claims for negligent and intentional interference with prospective economic relations on the basis that Plaintiffs did not allege a wrongful act. (Mot. 17–18.) Defendants argue that Plaintiffs' sole basis for these claims is that Defendants refused fix the property defect, which is not wrongful conduct because the lease agreement assigned repairs of property defects to Plaintiffs, not Defendants. This is wrong. Plaintiffs allege that Defendants' wrongful conduct was Defendants' representations that "there was no noise complaint from neighboring tenants prior to [Plaintiffs] signing the lease" and that even after the lease was signed, Defendants reassured Plaintiffs that there had been no prior noise complaints. (FAC ¶¶ 82, 83.) As a result of Defendants' alleged wrongful conduct, Plaintiffs claim that the relationship between Plaintiff Guillen and Plaintiff Maginnis was interfered with. (FAC ¶¶ 74, 84.)

However, Plaintiffs did not address these claims in their Opposition. Further, although not addressed in the Motion, these claims are tenuous as Plaintiffs failed to allege sufficient facts to support a claim.

To state a claim for negligent interference with prospective economic relations, a plaintiff must allege:

> (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part.

*Venhaus v. Shultz*, 155 Cal. App. 4th 1072, 1077–78 (2007). Here, Plaintiffs failed to allege that the relationship between Plaintiff Guillen and Plaintiff Maginnis contained a reasonably probable future economic benefit, that Defendants' failure to act with due care would interfere with this relationship; and how the relationship was actually interfered with or disrupted.

To state a claim for intentional interference with prospective economic advantage, a plaintiff must allege: "(1) the existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentionally wrongful acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the defendant's action." *Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.*, 2 Cal. 5th 505, 512 (2017).

Here, Plaintiffs failed to allege facts that Defendants' wrongful acts were designed to disrupt the relationship between Plaintiff Guillen and Plaintiff Maginnis,

actual disruption of the relationship, and economic harm proximately caused by Defendants' action.

Accordingly, the Court grants Defendants' Motion as to these claims with leave to amend.

### 5. Breach of Quiet Enjoyment

Defendants move to dismiss Plaintiffs' claim for breach of quiet enjoyment on the basis that Defendants had no obligation to repair the premises under the lease. Again, this argument is misplaced. Plaintiffs allege that Defendants breached the covenant of quiet enjoyment because Defendants placed their security guards on Plaintiffs' premises "to interfere, harass and intimidate Plaintiff's Broken Drum Bar's occupation of [u]nit [number] 550." (FAC ¶ 91.) This is sufficient to state a claim. *See Nativi v. Deutsche Bank National Trust Co.*, 223 Cal. App. 4th 261, 292 (2014) (finding the covenant of quiet enjoyment "insulates the tenant against any act or omission on the part of the landlord . . . which interferes with a tenant's right to use and enjoy the premises for the purposes contemplated by the tenancy").

Accordingly, the Motion is denied as to this claim.

### 6. Damages

Defendants also move to dismiss this case as Plaintiffs have no recoverable damages because the lease agreement limits Plaintiffs' ability to recover damages. Defendants do not argue that the damages that Plaintiffs seek are unavailable by law, but rather, the lease agreement alters what Plaintiffs may recover.

As an initial matter, a demand for an improper remedy is not a proper basis for a 12(b)(6) motion. *Cent. Sierra Envtl. Res. Ctr. v. Stanislaus Nat'l Forest*, 304 F. Supp. 3d 916, 955 n.28 (E.D. Cal. 2018) (quoting *Massey v. Banning Unified Sch. Dist.*, 256 F. Supp. 2d 1090, 1092 (C.D. Cal. 2003)) ("Courts do not grant motions under Rule 12(b)(6) 'merely because a plaintiff requests a remedy to which he or she is not entitled.'").

Further, at this stage, it is improper to dismiss a claim on the basis that the lease agreement prohibits certain damages. *See Whittlestone, Inc. v. Hand-Craft Co.*, 618 F.3d 970, 975 n.2 (9th Cir. 2010) (reviewing the entire contract and finding that it would be inappropriate to dismiss claims based on the language of a contract prohibiting consequential damages).

Accordingly, the Court denies the Motion based on the limitation of damages provision of the lease agreement.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART, DENIES IN PART,** Defendants' Motion. Plaintiffs may amend their complaint to address the deficiencies as identified above within **fourteen (14) days** from the date of this Order.

**IT IS SO ORDERED.**

May 22, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**