# United States District Court
# Central District of California

| | |
|---|---|
| BROKEN DRUM BAR, INC., <br><br> Plaintiff, <br><br> v. <br><br> SITE CENTERS CORP. et al., <br><br> Defendants. | Case No. 2:19-cv-01445-ODW (SKx) <br><br> **ORDER GRANTING, IN PART, DENYING IN PART, DEFENDANTS' MOTION TO DISMISS [44]** |

## I. INTRODUCTION

Plaintiff Broken Drum Bar, Inc. ("Broken Drum Bar") brings several claims against Defendants Site Centers Corp. Inc. ("Site Centers") and DDR Urban LP ("DDR") involving a lease dispute. Defendant DDR owns and operates a shopping center in Long Beach, California. (*See* Second Am. Compl. ("SAC") ¶¶ 10, 11, 13, ECF No. 37.)

Defendants move to dismiss on the following grounds: (1) Defendant Site Centers is an improper defendant; and (2) Plaintiff fails to sufficiently allege breach of covenant of good faith and fair dealing, intentional misrepresentation, and negligent

interference with prospective economic relations. (*See generally* Mot. to Dismiss SAC ("Mot."), ECF No. 44-1.)[1]

For the reasons that follow, the Court **GRANTS, IN PART** and **DENIES, IN PART,** Defendants' Motion to Dismiss.

## II. BACKGROUND

Stefan Guillen is the President of Plaintiff Broken Drum Bar, Inc. (Mot. 2–3.) Brian Maginnis is an investor of Broken Drum Bar. (SAC ¶ 95.) Defendant DDR owns and operates the Pike Outlets in Long Beach, California. (Mot. 1.) Defendant Site Centers and Defendant DDR are allegedly agents and employees of each another. (*See* SAC ¶ 8.)

In 2017, Guillen, on behalf of Broken Drum Bar, commenced the process of obtaining a lease for unit number 550 ("Lease") listed as "Long Beach Restaurant with 2am Liquor and Entertainment" (previously occupied by Sargent Pepper's Dueling Pianos ("Sgt. Pepper's")). (*See* SAC ¶¶ 13, 15, 22.) In July 2017, Guillen visited unit number 550 and the tenant next door to review the space and listen to the music during hours of operations. (SAC ¶¶ 16, 17.) He also attempted to meet with the owners of Sgt Pepper's, but the listing statement advised against disturbing current tenants. (SAC ¶ 19.) Accordingly, Guillen was prohibited from communicating with Sgt. Pepper's staff. (SAC ¶ 19.)

In August 2017, Guillen and Maginnis, met Patrick Brady, the Vice President of Leasing for Defendant DDR, in the office of Morgan Erickson, Regional Property Manager for Defendant Site Centers. (SAC ¶ 22.) Guillen presented Patrick Brady a detailed outline of his business plan, which indicated that Broken Drum Bar, like Sgt. Pepper's, intended to use the space as a live music and entertainment venue. (SAC ¶¶ 16, 20, 23.) During the Lease negotiations, Brady allegedly pressured Guillen to sign the Lease without any rent abatement in exchange for $90,000.00 in

---
[1] Having carefully considered the papers filed in connection to the instant Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

2

tenant improvements. (SAC ¶¶ 26, 27.) The two discussed potential improvements, but allegedly at no time did the parties discuss mitigating noise complaints. (SAC ¶ 27.) In September 2017, Brady informed Broken Drum Bar that Guillen's proposal had been recommended for approval and that "final approval and consent [for] use as a live music and bar . . . would take a few more weeks." (SAC ¶ 32.)

On March 1, 2018, Broken Drum Bar took over the lease of unit number 550 from Sgt. Pepper's. (SAC ¶ 34.) On March 17, 2018, Broken Drum Bar held a soft opening. (SAC ¶ 35.) During the soft opening, security guards positioned themselves in front of Broken Drum Bar due to noise complaints. (SAC ¶ 35.) Throughout Broken Drum Bar's operation of the business, Defendants allegedly placed security personnel at the entrance of Broken Drum Bar, and the security personnel were instructed to take notes of employee names and patrons entering the business. (SAC ¶ 38.)

Broken Drum Bar alleges that Defendants never informed it of prior noise complaints against unit number 550. (SAC ¶ 36.) Broken Drum Bar further alleges that Erickson, regional manager for Site Centers, falsely stated that there had been no noise complaints relating to unit number 550 prior to Broken Drum Bar's tenancy. (SAC ¶ 39.) However, Broken Drum Bar alleges that on May 23, 2018 the manager of Cinemark, a tenant in the shopping center, informed Broken Drum Bar that the noise complaints from unit number 550 were nothing new and had been an issue with the prior tenants, Sgt. Peppers. (SAC ¶ 37.) Defendants demanded that Broken Drum Bar remedy the noise issue or change the nature of their business. (SAC ¶ 41.) In response, Broken Drum Bar informed Defendants that they would withhold rent until Defendants fixed the property. (SAC ¶ 45.) However, shortly thereafter, Broken Drum Bar ceased operation. (SAC ¶ 46.)

On January 7, 2019, Plaintiff Broken Drum Bar filed this lawsuit in Los Angeles County Superior Court. (Notice of Removal, ECF No. 1.) On February 27, 2019, Defendants removed this case on the basis of diversity jurisdiction. (Notice of

Removal.) On June 5, 2019, Plaintiff filed its Second Amended Complaint alleging six claims for relief: (1) negligence; (2) breach of implied covenant of good faith and fair dealing; (3) intentional misrepresentation; (4) negligent misrepresentation; (5) negligent interference with prospective economic relations; and (6) breach of quiet enjoyment. (*See generally* SAC.) On June 20, 2019, Defendants filed a motion to dismiss. (*See* Mot.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment.

*See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## IV. DISCUSSION

### A. Defendants Site Centers and DDR Urban

Defendants argue that Site Centers is not a proper party to the lawsuit and should be dismissed. Plaintiff asserts that Site Centers is liable under an agency theory. (Opp'n to Mot. ("Opp'n") 13, ECF No. 45.) "Generally, for an agency relationship to exist, a principal must consent to the agent acting on his behalf and subject to his control, and the agent must consent to act for the principal." *Holley v. Crank*, 400 F.3d 667, 673 (9th Cir. 2005).

Here, Plaintiff alleges that Defendant Site Centers, as a parent organization, took over performance of the day-to-day operations of DDR, a subsidiary, by handling every aspect of the Lease negotiations and employing DDR's staff. (Opp'n 12–13.) "[I]f a parent corporation exercises such a degree of control over its subsidiary corporation that the subsidiary can legitimately be described as only a means through which the parent acts, or nothing more than an incorporated department of the parent, the subsidiary will be deemed to be the agent of the parent . . . ." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 541, (Cal. App. 2000) (stating examples of control to include interlocking directors and officers, consolidated reporting, shared professional services, and degree of direction and oversight expected from the status of ownership). Although Plaintiff asserts that several employees worked in different capacities for both Defendants, Plaintiff fails to allege that Site Centers exercised overwhelming control over DDR's operation.[2]

---

[2] Brady was the Vice President of Leasing for Defendant DDR and worked for Defendant Site Centers in Arizona. (Opp'n 13.) Erickson managed the Long Beach property in issue but was employed by Defendant Site Centers. (SAC ¶ 22.) Bryan Zabell, the DDR Urban signatory on the Lease, was a General Partner of DDR Urban Corp., Site Centers' predecessor. (SAC ¶ 10.)

Thus, the Court does not find an agency relationship between the two Defendants. Even after granting Plaintiff leave to amend to sufficiently allege an agency relationship, Plaintiff still fails to plead claims, and thus, the Court dismisses all claims against Defendant Site Centers without leave to amend.

Accordingly, the Court **GRANTS** Defendants' Motion as to this claim *without* leave to amend.

**B.     Specific Claims**

**1.     Breach of Covenant of Good Faith and Fair Dealing**

Plaintiff alleges that Defendants breached this implied covenant on three basis: (1) placing security guards who harassed patrons and employees outside Broken Drum Bar, thereby interfering with Plaintiff's right to operate its premises; (2) refusing to financially contribute to remedy the noise bleeds; and (3) withholding known information of structural defect prior to entering the Lease. (SAC ¶¶ 36, 56–58; Opp'n 15.) Defendants move to dismiss on all basis. (Mot. 6–7.)

Plaintiff fails to oppose Defendants' motion as to the first ground and abandons its second argument in its opposition, stating "[t]he breach of this covenant comes not from Defendants refusal to pay for the noise insulation, but from the withholding of known information of structural defect . . .." (Opp'n 14.) Consequently, the Court grants Defendants' motion on Plaintiff's first and second grounds. *See Heraldez v. Bayview Loan Servicing, LLC*, No. CV 16-1978-R, 2016 WL 10834101, at *2 (C.D. Cal. Dec. 12, 2016) *aff'd*, 719 F. App'x 663 (9th Cir. 2018) (citing *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011)) ("Failure to oppose constitutes a waiver or abandonment of the issue.")).

Furthermore, Defendants refute the third basis asserting that the covenant does not apply to conduct prior to the existence of an agreement. (Reply to Opp'n ("Reply") 2, ECF No. 46.) The "implied covenant is a supplement to an existing contract, and thus it does not require parties to negotiate in good faith prior to any agreement." *McClain v. Octagon Plaza, LLC*, 159 Cal.App.4th 784, 799 (Ct. App.

2008). Thus, "allegations *prior* to the existence of a contract cannot form the basis for a claim for breach of the covenant of good faith and fair dealing." *Id.* (holding that plaintiff fails to state a claim for breach of covenant of good faith and fair dealing where plaintiff bases his claim on defendant's representations that induced plaintiff to enter into the contract.) Since parties are not required to negotiate in good faith prior to any agreement, Plaintiff fails to state a claim based on this allegation.

Since it is clear based on the facts and circumstances that Plaintiff's claim for breach of implied covenant can not be saved by any amendment, the Court dismisses this claim without leave to amend.

Accordingly, the Court **GRANTS** the Motion as to this claim *without* leave to amend.

### 2. Intentional Misrepresentation

Defendants move to dismiss Plaintiff's claim for intentional misrepresentation because Plaintiff fails to allege an affirmative misrepresentation or active concealment of fact. (Mot. 7–8.) For an intentional misrepresentation claim, Plaintiff must allege: "(a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Schaefer v. Robbins & Keehn, LLP*, No. 06-cv-821-H (BLM), 2007 WL 935543, at *4 (S.D. Cal. Mar. 7, 2007) (citing *Agosta v. Astor*, 120 Cal. App. 4th 596, 603 (Ct. App. 2004)). Active concealment occurs when a defendant prevents the discovery of material facts. *Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th 870, 878 (Ct. App. 2017).

Plaintiff alleges that Defendants actively concealed prior noise complaints, knowing that Plaintiff's business plan included entertainment and live music likely to receive similar noise complaints. (SAC ¶¶ 68, 69.) As Defendants assert, Plaintiff could have conducted due diligence to assess whether such complaints were made before; however, Plaintiff asserts that Defendants prevented it from discovering this material fact as Defendants told Plaintiff not to disturb current tenants. (Reply 4; SAC

¶ 19.) Furthermore, Plaintiff alleges that Defendants' failure to disclose information led Plaintiff to enter into the Lease and suffer damages. (SAC ¶¶ 72, 75.) At this stage, Plaintiff has sufficiently alleged that Defendants knowingly failed to provide Plaintiff with material information and that Plaintiff's reliance on Defendants' concealment is the cause of Plaintiff's harm.[3] (SAC ¶¶ 19, 68–75.)

Accordingly, the Court **DENIES** Defendants' Motion to Dismiss as to the claim for intentional misrepresentation.

### 3. Negligent Interference with Prospective Relations

Defendants move to dismiss Plaintiff's claim for negligent interference with prospective economic relations on the basis that Plaintiff fails to allege the disruption of an economic relationship with a reasonably probable future benefit. (Mot. 9–10.) Defendants argue that Plaintiff failed to allege that the relationship between Guillen and Maginnis contained a reasonably probable future economic benefit, that Defendants' failure to act with due care would interfere with this relationship; and how the relationship was interfered with or disrupted. (Mot. 9–10.)

To state a claim for negligent interference with prospective economic relations, a plaintiff must allege:

> (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part.

---

[3] The Court also denies Defendants' request to dismiss Plaintiff's punitive damages claim. (Mot. 7–8.)

*Venhaus v. Shultz,* 155 Cal. App. 4th 1072, 1077–78 (Ct. App. 2007). Plaintiff alleges that Defendants were aware that Maginnis was an investor in Broken Drum Bar and a potential source of additional capital for Plaintiff and its ongoing operations. (SAC ¶ 95.) Furthermore, Plaintiff claims that Defendants' representation that Plaintiff could operate a live music and entertainment business in unit number 550 interfered with the relationship between Guillen and Maginnis. (SAC ¶¶ 97, 101.) As a result, Maginnis refused to provide additional line of credit to remedy the noise defect and ceased funding the operating costs of Plaintiff's business. (SAC ¶¶ 97, 101.) Thus, Plaintiff has sufficiently plead the issues Defendants raise in their Motion.

Accordingly, the Court **DENIES** Defendants' Motion as to this claim.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART,** Defendants' Motion. Specifically, the Court **GRANTS** Defendants' Motion as to Plaintiff's Breach of Covenant of Good Faith and Fair Dealing claim and all claims against Defendant Site Centers, and **DENIES** Defendants' Motion as to all other claims. Accordingly, all other claims will proceed.

**IT IS SO ORDERED.**

October 10, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**